IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRACEY M. TOOLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 13 C 3520 |
| v. | ) |
| | ) Magistrate Judge |
| CAROLYN W. COLVIN,[1] | ) Jeffrey T. Gilbert |
| ACTING COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER EAJA

This matter is before the Court on Plaintiff's Motion for Attorney's Fees Under the Equal Access for Justice Act [ECF No. 38]. On May 10, 2013, Plaintiff Tracey Tooley filed a complaint for judicial review of an administrative decision denying her application for disability insurance benefits. On July 20, 2105, this Court issued a Memorandum Opinion and Order [ECF No. 36] remanding this case to the Social Security Administration for further explanation. On October 19, 2015, Plaintiff filed the instant Motion for Attorney's Fees pursuant to the Equal Access for Justice Act ("EAJA"), seeking attorney's fees in an amount of $15,732.75. On November 18, 2015, the Commissioner filed a response [ECF No. 44], opposing an award of fees and arguing that her position was substantially justified. On December 3, 2015, Plaintiff filed her reply and requested a supplemental amount of $631.95 in attorney's fees for total EAJA fee of $16,364.70. [ECF No. 48].

The EAJA provides that a court shall award attorney fees to a "prevailing party" in a civil action against the United States that is submitted within thirty days of final judgment "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1); *see United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1078–79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)). In this case, it is uncontested that Plaintiff filed the instant Motion in a timely manner and that Plaintiff is a prevailing party because the Court reversed and remanded the Commissioner's decision in its July 20, 2015 Memorandum Opinion and Order [ECF No. 36]. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993); *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011).

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Carolyn W. Colvin automatically is substituted as the Defendant in the case. No further action is necessary to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

The Commissioner argues that her position was substantially justified, precluding an award of attorney's fees under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough, v. Principi,* 541 U.S. at 405; *Hallmark Constr.,* 200 F.3d at 1078-79. In determining whether the Commissioner's position was substantially justified, a court is to consider both the denial of benefits at the administrative level and the Commissioner's defense of that denial before the Court. *Cunningham v. Barnhart,* 440 F.3d 862, 864 (7th Cir. 2006); *Golembiewski v. Barnhart,* 382 F.3d 721, 724 (7th Cir. 2004). A position "is substantially justified if a reasonable person could conclude that the ALJ's opinion and the commissioner's defense of the opinion had a rational basis in fact and law." *Bassett v. Astrue,* 641 F.3d 857, 859 (7th Cir. 2011) (citing *Marcus v. Shalala,* 17 F.3d 1033, 1036 (7th Cir. 1994)). Accordingly, even a position that was unsuccessful on the merits may have been substantially justified. *See Pierce v. Underwood,* 487 U.S. 552, 569 (1987

Whether the Commissioner's position is substantially justified is within the discretion of the Court, and "not susceptible to a firm rule or even a 'useful generalization.'" *Bassett v. Astrue,* 641 F.3d at 859 (citing *Underwood,* 487 U.S. at 561–62). However, existing case law provides some guidance. An ALJ's failure to articulate her reasoning generally by itself is not reason to find the Commissioner's position not substantially justified. *See Bassett v. Astrue,* 641 F.3d at 859-60 ("[I]t typically takes something more egregious than just a run-of-the-mill error in articulation to make the commissioner's position unjustified – something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the commissioner's defending the ALJ's opinion on a forbidden basis."); *Cunningham v. Barnhart,* 440 F.3d 862, 865 (7th Cir. 2006) (finding the Commissioner's position substantially justified despite the ALJ's failure to "connect all the dots in his analysis" of the plaintiff's credibility). Furthermore, the court should determine whether the Commissioner's overall position, not just its position related to the issues on which the court granted remand, was substantially justified. *See Stewart v. Astrue,* 561 F.3d 679, 683-84 (7th Cir. 2009) ("EAJA fees are not determined by the number of successful arguments, but a party's success on a single claim will rarely be dispositive of whether the government's overall position was substantially justified."). Alternatively, however, a position is less likely to be justified if "the ALJ and Commissioner violated clear and long judicial precedent and violated the Commissioner's own Ruling and Regulations" or if the ALJ committed numerous errors in denying benefits. *Golembiewski,* 382 F.3d at 724. Additionally, "[s]trong language against the government's position in an opinion discussing the merits of a key issue is evidence in support of an award of EAJA fees." *Id.*

The Court remanded this case primarily because it identified an internal inconsistency in the ALJ's opinion that required further explanation or clarification with respect to a limitation in the ALJ's residual functional capacity ("RFC") assessment. The Court, however, did not conclude that the ALJ's decision was not supported by substantial evidence or that the ALJ committed any error, only that the ALJ's analysis was not sufficiently articulated or explained.

The Court did not find that the ALJ violated clear judicial precedent or the Commissioner's own rulings and regulations, that the ALJ committed numerous errors in denying benefits, that the ALJ mischaracterized evidence in reaching her conclusions, or that the ALJ did anything similarly egregious. Instead, the Court found that remand was warranted for further explanation of her decision to give no weight to the opinion of the State Agency medical

2

consultant who appeared to agree with the ALJ's finding concerning an important component of her RFC assessment.

This case was a close call. The Court does not find that the Commissioner's pre-litigation conduct or its litigation position were unreasonable or unjustified. The Court also notes that it did not use any "[s]trong language" against the Commissioner's arguments in its Memorandum Opinion and Order when ordering remand. *Golembiewski*, 382 F.3d at 724. Moreover, the Court did not address Plaintiff's other arguments simply because it was not necessary to address them since it already had determined that remand was appropriate. Notably, however, although the Court did not address substantively Tooley's other arguments, the Court did criticize some of those other arguments. Therefore, despite remanding for inadequate articulation on one aspect of the ALJ's RFC analysis, considering the Commissioner's position as a whole, the Court finds it was reasonable and substantially justified.

Accordingly, the Court finds it appropriate to exercise its discretion to deny an award of fees to Claimant under the EAJA, and Plaintiff Tracey Tooley's Motion for Attorney's Fees under the EAJA [EFC No. 38] is denied.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 7, 2016